UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JACQUELINE STEVENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14 C 3305 |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | Judge Leinenweber |
| HOMELAND SECURITY, IMMIGRATION | ) | |
| AND CUSTOMS ENFORCEMENT, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S BRIEF IN OPPOSITION
TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

**Introduction**

This is an action for the release of records under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). Plaintiff Jacqueline Stevens has filed a motion for partial summary judgment seeking the release of records responsive to two of the FOIA requests at issue in this case. Dkt. No. 21, Stevens's Mem. at 2-4.[1] The first request (Count II) seeks the release of the most recent staffing plans for three U.S. Immigration and Customs Enforcement ("ICE") facilities, and the second request (Count V) seeks the release of various records regarding volunteer work programs that are available for detainee participation in a number of detention facilities utilized by ICE. *Id.*

Stevens's motion should be denied as to both requests. First, while ICE initially believed that the staffing plans requested by Stevens were fully exempt from disclosure, ICE has since

---

[1] Stevens originally filed a five-count Complaint against ICE based on five separate FOIA requests she had made to the agency. Stevens's Mem. at 4. Stevens has since voluntarily dismissed Count IV of her Complaint and accepted ICE's production schedule for records responsive to Counts I and III of her Complaint. *Id.* As a result, only Counts II and V of Stevens's Complaint are currently at issue. *Id.*

determined that these staffing plans are not fully exempt under the FOIA and produced the non-exempt portions of these plans to Stevens on March 27, 2015. Thus, Stevens's motion is moot as to this request.

Second, following discussions with Stevens's counsel, ICE prioritized responding first to the third part of Stevens's volunteer work program FOIA request. After conducting a reasonable search, ICE determined that it had no records responsive to the third part of the request and communicated that to Stevens. Stevens notably does not challenge the adequacy of ICE's search for documents responsive to the third part of her request. Stevens's Mem. at 10-13. Rather, she now claims that ICE has refused to produce records responsive to the first two parts of her request. *Id.* In so arguing, however, Stevens ignores her counsel's prior request that ICE prioritize responding to the third part of her request first and instead seeks to penalize ICE for cooperating with Stevens in an effort to resolve the parties' dispute.

Moreover, since notifying Stevens that it had no records responsive to the third part of her FOIA request, ICE has worked with Stevens to diligently search for records responsive to the first two parts of her FOIA request. ICE expects to begin producing these records to Stevens in May 2015. Accordingly, Stevens's motion also should be denied as to this request.

## Background

### I.    Stevens's FOIA Request for Staffing Plans

On September 22, 2013, Stevens submitted a FOIA request by email to the ICE FOIA mailbox seeking "the most recent 'Staffing Plans' submitted by the contractor" for the El Centro, Florence, and Houston detention facilities. *See* Defendant's Response to Plaintiff's Statement of Material Facts ("Def.'s SOF") ¶ 3. The ICE FOIA office acknowledged receipt of Stevens's request in October 2013 and assigned the request FOIA tracking number 2014FOIA802. *Id.* ¶ 4.

ICE initially believed that the staffing plans requested by Stevens could not be released pursuant to 41 U.S.C. § 4702 and thus would need to be withheld in full in accordance with FOIA Exemption (b)(3), 5 U.S.C. § 552(b)(3). *Id.* ¶ 6. However, upon further review, ICE determined that the staffing plans were not fully exempt under FOIA Exemption (b)(3). *Id.* ICE produced the non-exempt portions of the staffing plans to Stevens on March 27, 2015. *Id.* ¶¶ 5-6.

## II.     Stevens's FOIA Request for Volunteer Work Program Records

On August 24, 2013, Stevens submitted the following FOIA request by email to the ICE FOIA mailbox:

1) ICE generated, received, or maintained requests, memoranda, and analysis used for budgeting and contractual allocations for individual private contra[c]tors and employees for Detainee Volunteer Wages, as designated, for instance, in the attached supplemental contract at p. 3 of the pdf, item 004, "funding in support of CLIN 1005, Detainee Volunteer Wages." To clarify, ICE demonstrably allocates funds to detention centers to disburse Detainee Volunteer Wages; I am requesting all underlying documentation and analysis that informs the amounts set for these allocations for each ICE detention facility. I am requesting these documents for all ICE ERO contracted facilities from January 1, 2003 to the present. This includes but is not limited to: - e-mail, faxes, notes, memoranda, reports from ICE or private companies to the ICE officials handling Immigrant and Customs Enforce[ment] budgetary decisions for Detainee Volunteer Wages. Please include as well *the underlying Houston CCA contract that includes the CLIN 1005 referenced in the supplemental contract* quoted above at p. 3 004 (and attached);

2) All intra- inter-agency analysis of the ICE Detainee Volunteer Work Program in all media maintained by any component of ICE, including but not limited to grievances, litigation, public relations, and Congressional correspondence from January 1, 2003 to present; [and]

3) the total amount disbursed by ICE for Detainee Volunteer Wages for each year since January 1, 2003 to the amount budgeted for 2014.

*Id.* ¶ 11. The ICE FOIA office acknowledged receipt of Stevens's FOIA request in September 2013 and assigned the request FOIA tracking number 2013FOIA32547. *Id.* ¶ 12.

On July 30, 2014, after Stevens initiated this case against ICE, Stevens's counsel requested that ICE prioritize responding to the third part of FOIA request 2013FOIA32547 first in order to help Stevens decide "how to narrow the rest" of the request. *Id.* ¶ 13. In accordance with the July 30, 2014 email, the ICE FOIA office tasked three program offices for information responsive to the third part of Stevens's FOIA request. Defendant's Statement of Additional Facts ("Def.'s SAF") ¶ 1. Based on the totality of the request, *i.e.*, the records sought in each of the three parts of the request, ICE interpreted the third part of the request as seeking information regarding the total yearly figure paid by the agency for detainee wages earned while participating in a volunteer work program for each specified year. *Id.* ¶ 2. ICE did not construe the third part of the request as seeking the underlying records for the total yearly figures, because the first part of Stevens's FOIA request sought, among other things, "all underlying documentation and analysis" relating to detainee wage allocations for the volunteer work program. *Id.* ¶ 3.

During its search for documents responsive to the third part of the request, ICE determined that it does not have any system of records to track the total amount of agency funds paid on an annual basis to reimburse detainees or service providers for detainee wages earned while participating in a volunteer work program. *Id.* ¶ 4. As a result, ICE does not have any records responsive to the third part of Stevens's FOIA request. *Id.*

After ICE notified Stevens that it did not have any records responsive to the third part of her request, ICE and Stevens jointly agreed on the eight ICE program offices that would be tasked with searching for documents responsive to the first and second parts of Stevens's FOIA request. Def.'s SOF ¶ 13. These searches are estimated to be completed in April 2015, and ICE expects to begin producing documents responsive to the first two parts of the FOIA request to Stevens in May 2015. *Id.* The produced records will include, among other things, the supporting

documentation for the payment of detainee wages made directly by ICE and the reimbursement of detainee wages by ICE to the service providers. *Id.*

**Legal Standard**

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Stevens v. U.S. Dept. of Homeland Sec.*, No. 13 C 03882, 2014 WL 5796429, at *4 (N.D. Ill. Nov. 4, 2014) (citing Fed. R. Civ. P. 56(a)). Because FOIA cases usually involve only a dispute over how the law is applied to records requested by the plaintiff rather than any factual dispute, most FOIA cases are resolved on summary judgment. *See Bassiouni v. C.I.A.*, No. 02 C 4049, 2004 WL 1125919, at *2 (N.D. Ill. Mar. 31, 2004) (citing *Miscavige v. I.R.S.*, 2 F.3d 366, 369 (11th Cir. 1993)). In any event, this court's review is limited to determining whether the agency (1) improperly (2) withheld (3) agency records. *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980) (judicial remedial authority dependent on agency violation of all three components).

Here, Stevens's motion for partial summary judgment should be denied if ICE provides the court (and Stevens) with affidavits, declarations, or other evidence showing that it conducted an adequate search for records and demonstrating that any located, responsive documents were produced or are exempt from disclosure. *See Carney v. U.S. Dept. of Justice*, 19 F.3d 807, 812 (2d Cir. 1994) ("Affidavits or declarations supplying facts indicating that the agency has conducted a thorough search and giving reasonably detailed explanations why any withheld documents fall within an exemption are sufficient to sustain the agency's burden"). Importantly, ICE's submissions in response to Stevens's motion should be "accorded a presumption of good

faith." *Demma v. U.S. Dept. of Justice,* No. 93 C 7296, 1996 WL 11932, at *3 (N.D. Ill. Jan. 10, 1996) (citing *Carney*, 19 F.3d at 812).

**Argument**

**I.      Stevens's FOIA Request for Staffing Plans Is Moot.**

Because ICE determined that the three staffing plans requested in FOIA request 2014FOIA802 are not fully exempt from disclosure and produced the non-exempt portions of these plans to Stevens on March 27, 2015, Stevens's claim as to this FOIA request is moot. Def.'s SOF ¶¶ 5-6.   Judicial authority to devise remedies and enjoin agencies under the FOIA can be invoked only if the agency improperly withholds agency records. *Kissinger,* 445 U.S. at 150.   Once all nonexempt, responsive records have been released, federal courts "have no further judicial function to perform under the FOIA," and "'the substance of the controversy disappears and becomes moot since the disclosure which the suit seeks has already been made.'" *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982) (quoting *Crooker v. U.S. State Dept.*, 628 F.2d 9, 10 (D.C. Cir. 1980)).   Here, ICE is not withholding the records Stevens seeks.   The staffing plans were produced to Stevens on March 27, 2015.   Accordingly, Stevens's motion as to this request should be denied as moot.

**II.     ICE Has Properly Responded to Stevens's FOIA Request for Volunteer Work Program Records.**

Stevens contends that she is entitled to partial summary judgment because ICE has withheld the volunteer work program records she requested.   Stevens's Mem. at 9-13.   Stevens is wrong.   First, ICE has not withheld any records in response to the first two parts of Stevens's FOIA request for volunteer work program records, but instead has responded to the request in accordance with the schedule proposed by Stevens's counsel.   Second, ICE correctly construed

the third part of Stevens's FOIA request, which requested "the total amount disbursed by ICE for Detainee Volunteer Wages," when it concluded that it did not have any responsive records.

A.    **ICE Has Timely Responded to the First Two Parts of Stevens's FOIA Request for Volunteer Work Program Records.**

Over the course of this litigation, ICE has worked with Stevens to timely respond to her various FOIA requests, including her request for volunteer work program records.  In July 2014, Stevens's attorney requested that, with regard to Stevens's FOIA request for volunteer work program records, ICE prioritize responding to the third part of the request first.  Def.'s SOF ¶ 13. ICE did just that and subsequently determined that it did not have any documents responsive to the third part of Stevens's request.  *Id.*; Def.'s SAF ¶ 4.

Apparently dissatisfied with this response, Stevens now claims that ICE has failed to provide her with "any response" to the first two parts of her FOIA request for volunteer work program records.  Stevens's Mem. at 10.  This is incorrect.  With its response to the third part of the request complete, ICE turned its attention to responding to the first and second parts of Stevens's FOIA request in January 2015.  Def.'s SOF ¶ 13.  As part of the process, ICE worked with Stevens to reach a joint agreement on the eight program offices that would be tasked with searching for documents responsive to the first and second parts of her request.  *Id.*  These searches are estimated to be completed in April 2015, and ICE expects to begin producing responsive documents to Stevens in May 2015.  *Id.*

ICE consequently should not be penalized for responding to the three parts of Stevens's FOIA request in the order sensibly proposed by Stevens's counsel.

**B.      ICE Did Not Impermissibly Construe the Third Part of Stevens's FOIA Request.**

Despite Stevens's claim to the contrary, ICE correctly construed the third part of Stevens's FOIA request during its search for responsive records.  The third part of Stevens's request seeks "the total amount disbursed by ICE for Detainee Volunteer Wages for each year since January 1, 2003 to the amount budgeted for 2014."  Def.'s SOF ¶ 11.  Importantly, Stevens does not challenge the adequacy of ICE's search for documents responsive to the third part of the request or ICE's determination that it did not have any responsive documents.  Stevens's Mem. at 10-13.  Rather, Stevens contends that ICE impermissibly interpreted the third part of the request as seeking records containing "*total* disbursements, rather than records that could, in the aggregate, reveal the *total amounts* disbursed."  *Id.* at 12 (emphasis in original).  Stevens's argument should be rejected.

While Stevens claims that the third part of her request required ICE to release "all records of disbursement," *see id.*, the language used in the third part of the request belies such an assertion.  The third part of the request seeks "the total amount disbursed by ICE" for detainee volunteer wages for specified years, not "all records of disbursement."[2]  Def.'s SOF ¶ 11.  Having now learned that no such information exists, Stevens cannot re-characterize her request as one for "information responsive to the underlying request."  *Amnesty Intl. USA v. C.I.A.*, 728 F. Supp. 2d 479, 499 (S.D.N.Y. 2010) (plaintiffs' FOIA request for a "list" did not require agency to release underlying information relating to the list).  Nor can Stevens rely on the argument that ICE should have known what information she was seeking, "for an agency receiving a FOIA request 'is not required to divine a requester's intent.'"  *Id.* (quoting *Landmark*

---

[2] Not surprisingly, Stevens readily concedes that the third part of her request "could have been drafted more clearly[.]"  Stevens's Mem. at 13.

*Legal Found. v. E.P.A.*, 272 F. Supp. 2d 59, 64 (D.D.C. 2003)); *see also Thomas v. Office of the U.S. Attorney for E.D.N.Y.*, 171 F.R.D. 53, 55 (E.D.N.Y. 1997) (FOIA requester cannot add to or enlarge FOIA request during pendency of request or litigation).

Furthermore, given the totality of Stevens's FOIA request, ICE reasonably interpreted the third part of the request as seeking information regarding the total yearly figures paid by the agency for detainee wages earned while participating in a volunteer work program. Def.'s SAF ¶¶ 2-3. The third part of Stevens's request cannot be interpreted as seeking "all records of disbursement," as Stevens contends, because the first part of the request already requests that information. *See* Def.'s SOF ¶ 11 (first part of request seeks, among other things, "all underlying documentation and analysis that informs the amounts set for [detainee wage] allocations for each ICE detention facility" and "ICE generated, received, or maintained requests, memoranda, and analysis used for budgeting and contractual allocations . . . for Detainee Volunteer Wages."). Consequently, ICE's interpretation of the third part of the request is the only one that does not render the third part of Stevens's request duplicative or meaningless.

Finally, as evidenced by her FOIA request, when Stevens sought widespread information about the volunteer work program, she framed those portions of the request broadly. *Id.* ¶ 11 (seeking in the first and second parts of the request "all underlying documentation and analysis" and "[a]ll intra- inter-agency analysis"). In the third part of her request, however, Stevens chose to be more specific, seeking only "the total amount disbursed." *Id.* The district court in *Judicial Watch, Inc. v. Dept. of Defense* concluded, under similar facts, that it was reasonable for an agency to construe part of a FOIA request more narrowly when other parts of the request were framed more broadly. No. 05-00390(HHK), 2006 WL 1793297, at *3, n.3 (D.D.C. June 28, 2006) (holding that part of a FOIA request, which failed to include broad language used in other

parts of the request, did not require the agency to search for all documents related to request). The same result is warranted here.

Notwithstanding ICE's correct interpretation of the third part of Stevens's FOIA request, as previously stated, ICE expects to begin producing documents responsive to the first two parts of the request in May 2015. Def.'s SOF ¶ 13. The produced documents will include, among other things, the disbursement records that Stevens claims should have been released in response to the third part of her request. *Id.*; Stevens's Mem. at 12-13. Given the upcoming production of these documents, Stevens's motion should be denied.

### Conclusion

For the foregoing reasons, ICE requests that the court deny Stevens's motion for partial summary judgment. ICE requests that the denial be without prejudice given that ICE is continuing to process and produce responsive documents to Stevens.

Respectfully submitted,

ZACHARY T. FARDON
United States Attorney

By: s/ Prashant Kolluri
    PRASHANT KOLLURI
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 886-9085
    prashant.kolluri@usdoj.gov