UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACQUELINE STEVENS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES DEPARTMENT OF ) <br> HOMELAND SECURITY, IMMIGRATION ) <br> AND CUSTOMS ENFORCEMENT, ) <br> ) <br> Defendant. ) | No. 14 C 3305 <br><br> Judge Leinenweber |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S LR 56.1 STATEMENT OF MATERIAL FACTS AND DEFENDANT'S STATEMENT OF ADDITIONAL FACTS**

The United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), by its attorney, Zachary T. Fardon, United States Attorney for the Northern District of Illinois, responds to plaintiff Jacqueline Stevens's Local Rule 56.1 Statement of Material Facts as follows:

1. Plaintiff is a Professor of Political Science and the Director of the Deportation Research Clinic at Northwestern University. ECF No. 6, Answer ¶ 5.

**RESPONSE:** ICE does not dispute this statement.

2. Defendant U.S. Department of Homeland Security, Immigration and Customs Enforcement is an executive agency component of the United States government principally responsible for enforcing federal immigration laws. DHS and ICE are agencies within the meaning of 5 U.S.C. § 552(f)(1). ICE has possession and control over all agency records Professor Stevens seeks. ECF No. 6, Answer ¶ 6.

**RESPONSE:** Disputed. ICE does not possess and control all of the agency records Stevens seeks in this lawsuit. *See* Ex. A, Pineiro Decl. ¶ 17; Ex. B, Kissel Decl. ¶¶ 9, 12. ICE does not dispute the remaining statements in paragraph 2.

3. On September 22, 2013, Professor Stevens submitted a request by email to ICE requesting "the most recent 'Staffing Plans' submitted by the contractor per a 'deliverables' requirement to the Contracting Officer(s) for the El Centro SPC, CA, Florence SPC, [and] Houston (CDF), TX ICE Facilities." ECF No. 6, Answer ¶ 44.

**RESPONSE:** ICE does not dispute this statement.

4. ICE acknowledged receipt of Professor Stevens' request by letter dated October 17, 2013, and assigned this request tracking number 2014FOIA802. ECF No. 6, Answer, ¶ 45.

**RESPONSE:** ICE does not dispute this statement.

5. To date, Professor Stevens has received no records responsive to this request. ECF No. 6, Answer ¶ 46; **Exhibit A**, Certified Transcript of Nov. 13, 2014 Status Hearing ("Nov. Status") at 2:23 – 3:2.

**RESPONSE:** ICE does not dispute this statement. However, ICE produced the non-exempt portions of the records responsive to this request to Stevens on March 27, 2015. Pineiro Decl. ¶ 25.

6. Defendant has informed Prof. Stevens through counsel that it claims the requested Staffing Plans are exempt from disclosure pursuant to 5 U.S.C. § 552(b)(3) and 41 U.S.C. § 4702. **Exhibit B**, Declaration of Jacqueline Stevens, Ph.D. ("Stevens Decl.") ¶ 1.

**RESPONSE:** Disputed. While ICE initially believed that the staffing plans requested by Stevens were fully exempt from release under 41 U.S.C. § 4702 and 5 U.S.C. § 552(b)(3), ICE has since determined that the staffing plans are not fully exempt from disclosure and produced

the non-exempt portions of the staffing plans to Stevens on March 27, 2015. Pineiro Decl. ¶¶ 23, 25.

7. Each of the government contracts between ICE and the private detention corporations ICE selected to operate the three facilities responsive to Plaintiff's request for Staffing Plans requires the contractor to provide a staffing plan – also referred to as a "Staffing Pattern" or "Post Order" – that addresses at a minimum the staffing requirements and key personnel to be employed in connection with the contract as outlined in the Performance Work Statement. **Exhibit C**, Florence Request for Proposals Excerpts ("Florence RFP") at 19-20[1]; **Exhibit D**, El Centro Request for Proposals Excerpts ("El Centro RFP") at 19-20; **Exhibit E**, Amended Houston Contract ("Houston Contract") at 2, 51, and 73A.

**RESPONSE:** ICE does not dispute that each of the current contracts between ICE and the service providers ICE selected to operate the Florence SPC, El Centro SPC, and Houston CDF facilities requires the service provider to provide a staffing plan.

8. The Florence RFP and El Centro RFP indicate the Contractor-submitted Staffing Plans responsive to Plaintiff's request are expressly incorporated into the final contract for each facility by stating:

> The Contractor shall staff the post-positions in accordance with the Contractor-submitted **and Government-approved Contractor Staffing Plan**. The number, type and distribution of staff **as described in the contract staffing plan shall be maintained throughout the term of the contract**. Written requests to change the number, type and/or distribution of staff described in the staffing plan must be submitted to the C[ontracting] O[fficer], through the C[ontracting] O[fficer's] T[echnical] R[epresentative], for approval prior to implementation. Staffing levels shall not fall below a monthly average of 95% of ICE-approved staffing plan.

Ex. C, Florence RFP at 19-20; Ex. D, El Centro RFP at 19-20 (emphasis added).

---

[1] Page references for each Exhibit refer to the page numbers appearing at the bottom of the document, rather than the page number of the .pdf file.

**RESPONSE:** ICE does not dispute this statement.

9. The fully executed Houston Contract includes as an attachment the Contractor-submitted Staffing Pattern, Ex. E, Houston Contract at 2, and expressly incorporates this document into a section entitled, "Minimum Required Staffing" that provides, "Contractor shall maintain the staffing level set forth in its staffing pattern / plan at all times." Ex. E, Houston Contract at 73A.

**RESPONSE:** ICE does not dispute that Section H of the Houston CDF contract that Stevens attached to her motion for partial summary judgment states that "[c]ontractor shall maintain the staffing level set forth in its staffing pattern / plan at all times."

10. ICE has previously released an un-redacted contractor-submitted staffing plan for the El Centro facility in full. **Exhibit F**, El Centro Staffing Plan.

**RESPONSE:** Disputed. ICE cannot confirm or deny this statement because Stevens has failed to provide any information regarding when, where, and to whom the El Centro staffing plan attached to her motion was produced. Pineiro Decl. ¶ 24. In any event, that ICE may have previously released a prior staffing plan for the El Centro facility is immaterial to whether it must release a more recent staffing plan to Stevens.

11. On August 24, 2013, Professor Stevens submitted a FOIA request by email to ICE requesting three categories of records regarding ICE's Voluntary Work Program, which she described as follows:

> 1) ICE generated, received, or maintained requests, memoranda, and analysis used for budgeting and contractual allocations for individual private contra[c]tors and employees for Detainee Volunteer Wages, as designated, for instance, in the attached supplemental contract at p. 3 of the pdf, item 004, "funding in support of CLIN 1005, Detainee Volunteer Wages." To clarify, ICE demonstrably allocates funds to detention centers to disburse Detainee Volunteer Wages; I am requesting all underlying documentation and analysis that informs the amounts set for these allocations for each

4

     ICE detention facility. I am requesting these documents for all ICE ERO contracted facilities from January 1, 2003 to the present. This includes but is not limited to: - e-mail, faxes, notes, memoranda, reports from ICE or private companies to the ICE officials handling Immigration and Customs Enforce[ment] budgetary decisions for Detainee Volunteer Wages. Please include as well *the underlying Houston CCA contract that includes the CLIN1005 referenced in the supplemental contract* quoted above at p. 3 004 (and attached);

2) all intra- inter-agency analysis of the ICE Detainee Volunteer Work Program in all media maintained by any component of ICE, including but not limited to grievances, litigation, public relations, and Congressional correspondence from January 1, 2003 to present; [and]

3) the total amount disbursed by ICE for Detainee Volunteer Wages for each year since January 1, 2003 to the amount budgeted for 2014.

ECF No. 6, Answer ¶ 54.

**RESPONSE:** ICE does not dispute this statement.

12. Though Plaintiff never received a written response to this request, she was able to obtain ICE tracking number 2013FOIA35247 by calling ICE's FOIA office. ECF No. 6, Answer ¶¶ 55-56.

**RESPONSE:** Disputed. By letter dated September 12, 2013, the ICE FOIA office acknowledged receipt of Stevens's FOIA request and assigned the request tracking number 2013FOIA32547. Pineiro Decl. ¶ 9.

13. To date, ICE has provided no response to the first two parts of Plaintiff's request. ICE, through counsel, has informed Plaintiff that it claims not to have any documents responsive to the third part of this request, *i.e.,* the portion seeking total disbursements. ECF No. 6, Answer ¶ 57; Ex. A, Nov. Hearing at 3:3-9; Ex. B, Stevens Decl. ¶ 6.

**RESPONSE:** Disputed. On July 30, 2014, after Stevens initiated this case against ICE, Stevens's counsel requested that ICE prioritize responding to the third part of Stevens's FOIA request first in order to help Stevens decide "how to narrow the rest" of the request. Pineiro

5

Decl. ¶¶ 10-11, Ex. 1. ICE did so, and after searching for information responsive to the third part of Stevens's request, ICE advised Stevens that it did not have any responsive documents. *Id.* ¶¶ 12-17; Kissel Decl. ¶¶ 8-9. ICE and Stevens thereafter jointly agreed in January 2015 on the eight program offices that would be tasked with searching for documents responsive to the first two parts of Stevens's FOIA request for volunteer work program records. Pineiro Decl. ¶ 17. These searches are estimated to be completed in April 2015, and ICE expects to begin producing documents responsive to the first two parts of the request to Stevens in May 2015. *Id.*; Kissel Decl. ¶¶ 10-13. The produced records will include, among other things, the supporting documentation for the payment of detainee wages made directly by ICE and the reimbursement of detainee wages by ICE to the service providers. Pineiro Decl. ¶ 17; Kissel Decl. ¶ 13.

14. With respect to the FOIA requests at issue in Plaintiff's second and fifth Claims for Relief, Plaintiff has constructively exhausted all administrative remedies. ECF No. 6, Answer ¶ 58.

**RESPONSE:** ICE does not dispute this statement.

### Defendant's Statement of Additional Facts

Pursuant to Local Rule 56.1, ICE submits the following statement of additional facts as to which it contends there is no genuine issue and that supports the denial of Stevens's motion for partial summary judgment.

1. In accordance with the July 30, 2014 request by Stevens's counsel, the ICE FOIA office tasked three program offices for information responsive to the third part of Stevens's FOIA request for volunteer work program records (FOIA tracking number 2013FOIA32547). Pineiro Decl. ¶¶ 12-15.

2.      Based on the totality of the request, ICE interpreted the third part of the request, which requested "the total amount disbursed by ICE for Detainee Volunteer Wages for each year since January 1, 2003 to the amount budgeted for 2014," as seeking information regarding the total yearly figure paid by the agency for detainee wages earned while participating in a volunteer work program for each specified year. *Id.* ¶ 16.

3.      Given that the first part of Stevens's FOIA request for volunteer work program records asked for "all underlying documentation and analysis" pertaining to detainee wage allocations for the volunteer work program, ICE did not construe the third part of the request as also seeking the underlying records related to these total yearly figures. *Id.*

4.      During its search for documents responsive to the third part of Stevens's FOIA request for volunteer work program records, ICE determined that it does not have any system to track the total amount of agency funds paid on an annual basis to reimburse detainees or service providers for detainee wages earned while participating in a volunteer work program. Kissel Decl. ¶ 9. As a result, ICE does not have any records responsive to the third part of Stevens's FOIA request for volunteer work program records. *Id.*

                Respectfully submitted,

                ZACHARY T. FARDON
                United States Attorney

                By: s/ Prashant Kolluri
                    PRASHANT KOLLURI
                    Assistant United States Attorney
                    219 South Dearborn Street
                    Chicago, Illinois 60604
                    (312) 886-9085
                    prashant.kolluri@usdoj.gov