**Nicolette Glazer**

| | |
|---|---|
| **From:** | Jacqueline Stevens <jacqueline-stevens@northwestern.edu> |
| **Sent:** | Monday, January 28, 2019 11:32 AM |
| **To:** | Nicolette Glazer |
| **Subject:** | Fw: Stevens v. ICE (N.D. Ill.) 14 C 3305 |

Professor
Political Science and Legal Studies
Northwestern University
Director
Deportation Research Clinic
Buffett Institute
http://buffett.northwestern.edu/programs/deportationresearch
Citizenship In Question (Duke U.P. 2017), Open Source PDF http://www.oapen.org/search?identifier=625272

office phone: 847-467-2093
mail
601 University Place
Political Science Department
Evanston, IL  60208
http://jacquelinestevens.org
http://stateswithoutnations.blogspot.com

---

**From:** Andrew Free <andrew@immigrantcivilrights.com>
**Sent:** Wednesday, January 23, 2019 12:28 PM
**To:** Kolluri, Prashant (USAILN)
**Cc:** Jacqueline Stevens; nicolette@glazerandglazer.com
**Subject:** Re: Stevens v. ICE (N.D. Ill.) 14 C 3305

Thanks, Prashant.

Apologies for not responding. I did not see these emails for the reasons set forth in this morning's email.

Six weeks is indeed a long time. Not as long as the five and a half years it's taken ICE to get even close to fully complying with Prof. Stevens' FOIA requests, but too long nonetheless.

Appreciate your prompt response.

Nicolette will be in touch.

Best regards,

Andrew

R. Andrew Free
Law Office of R. Andrew Free

1

www.Resist.Law
PO Box 90568
Nashville, TN 37209
O: (844) 321-3221x1
F: (615) 829-8959
Andrew@Resist.Law

Sent from my iPhone. Please excuse brevity, typos, and overzealous autocorrections.

On Jan 23, 2019, at 12:04 PM, Kolluri, Prashant (USAILN) <Prashant.Kolluri@usdoj.gov> wrote:

> I am in the office and will review your email. However, I likely will not be able to take a position prior to the shutdown ending because I believe agency counsel is furloughed and I would need input from her before taking a position on behalf of the agency. I am in the process of confirming whether she is furloughed and will get back to you.
>
> While the factual circumstances you describe in your email below are unfortunate to say the least (and I am truly sorry about what happened to those children), I do want to clarify two things in your email below:
>
> (1) While in the past, we have on occasion agreed to have me convey plaintiff's or the parties' position to the court, in this instance, I emailed you on December 6, 2018 – 3 days before the December 9 events you describe in your email – reminding of you the December 11 status hearing and stating in no uncertain terms that you should appear telephonically to explain to the judge how you wanted the case to proceed. You never responded to the December 6 email. (I have attached the email for your reference.)
>
> (2) Thus, at the hearing, I told the judge that I had emailed you asking you to appear and had not heard back from you, at which time the court decided to dismiss the case for want of prosecution while still requiring the government to complete the supplemental search and production. I emailed you minutes after the December 11 hearing (see attached) to tell you what happened and did not hear anything back from you until today – 6 weeks later.
>
> I will be in touch.
>
> Thanks,
>
> **Prashant Kolluri**
> Assistant United States Attorney
> Northern District of Illinois
> 219 S. Dearborn, Suite 500
> Chicago, Illinois 60604
> (312) 886-9085 Phone
>
> **From:** Andrew Free <andrew@immigrantcivilrights.com>
> **Sent:** Wednesday, January 23, 2019 10:22 AM
> **To:** Kolluri, Prashant (USAILN) <PKolluri@usa.doj.gov>
> **Cc:** Jackie Stevens <jacqueline-stevens@northwestern.edu>
> **Subject:** Stevens v. ICE (N.D. Ill.) 14 C 3305
>
> Prashant:

2

I'm writing regarding the Court's December 11, 2018, Order dismissing this case for failure to prosecute. I understand that your funding has almost certainly lapsed as a result of the shutdown, and that pursuant to General Order 18-0028, this case is has been suspended, postponed, or held in abeyance. I will forward this email to your Civil Chief upon receiving the auto-reply.

By way of background, on December 3, 2018, the Court reset the Status hearing previously set for December 5, 2018 to December 11. (Doc. 108). When I failed to appear on December 11, 2018, the Court dismissed the case for want of prosecution. It did so despite the frequent practice in this litigation--which I have adopted to reduce the ultimate amount of the fee petition we will present to the U.S. government--of conveying Plaintiff's position to you and having you convey it to the Court.

As you've probably anticipated, Professor Stevens has no intention of abandoning this litigation, which has now entered its fifth calendar year and yielded tens of thousands of pages of agency records. Accordingly, she has asked me to convey her intention to seek reconsideration of the Court's order, and seek ICE's position.

The following constitutes a summary of the factual circumstances on which I intend to seek relief from the Court's order on Prof. Stevens's behalf. I'm providing this information to request the government's position, whether it be to join in the motion or simply state whether it opposes it.

I was unable to appear for the December 11 status hearing in person or by telephone, or to make you, my client, or the Court aware, because on Sunday, December 9, 2018, I learned that three children I was working with a shelter for unaccompanied migrant youth in Tijuana, Baja California, Mexico, had been kidnapped and tortured by people later identified as members of the Jalisco New Generation Cartel. Two of the teens were murdered--their stabbed, strangled bodies deposited nearby the shelter as a warning to the rest of the children about working with the pro bono attorney team I was running for the Al Otro Lado Border Rights Project. My colleagues and I had spoken with the third child the day before they were kidnapped and successfully prevailed upon them to reject the offers of a cartel-connected coyote to assist them in entering the United States between a port-of-entry. They told the cartel no, because we told them to, and they were tortured and murdered as a result.

See:
 https://www.reuters.com/article/us-usa-immigration-mexico-hondurans/officials-say-two-honduran-migrant-youths-killed-in-mexico-idUSKBN1OI07R

https://www.washingtonpost.com/world/two-honduran-teens-from-migrant-caravan-are-killed-in-tijuana/2018/12/19/5ba8f824-03aa-11e9-958c-0a601226ff6b_story.html?noredirect=on&utm_term=.6dbf6c91bf34

https://www.npr.org/2018/12/20/678557712/mexican-authorities-arrest-3-suspects-in-the-murder-of-2-honduran-teenagers

I spent following several days in Tijuana engaged in an all-consuming effort to protect, counsel, and offer support to the remaining children I represented on behalf of AOL.

A week earlier, on December 4, 2018, I accompanied 8 unaccompanied migrant children from this shelter to present themselves at the Otay Mesa Port of Entry and seek asylum pursuant to

U.S. and International law. See: https://news.vice.com/en_us/article/3k9jnb/migrant-teens-are-being-physically-blocked-from-applying-for-asylum.

The following week, on December 17-18, I coordinated a Congressional visit to the same port-of-entry to observe the alleged factual predicates of the government's turn-away practices. That visit turned into an 18-hour standoff during which my team and I accompanied asylum-seekers sleeping on the concrete on U.S. soil with Congressman Jimmy Gomez and Congresswoman Nannette Barragán.

See: https://www.latimes.com/nation/politics/la-na-pol-congress-asylum-seekers-otay-20181218-story.html
https://www.newsweek.com/democratic-lawmakers-help-migrant-family-teargassing-photo-get-across-us-1262508

Upon finally getting all asylum-seekers admitted at the port of entry, I spent the next week attempting to get them out of custody while still working to protect those at imminent risk of harm in the youth shelter and elsewhere.

I have now spoken with my client, who was unaware of the Court's order until five days ago. She plans to continue pursuing all the records to which she's entitled under the FOIA. I will be moving to withdraw upon conclusion of this portion of the matter.

Please provide the government's position on Plaintiff's motion to reconsider -- which I'm still considering the proper procedural vehicle for, given the posture of the case, but, at the very least, will feature arguments under FRCP 60(b)(1) -- as soon as possible, but no later than **February 4, 2018** so we can assess whether a protective filing of a Notice of Appeal will be necessary.

Many thanks for your response, and hang in there. I'll be it'd be nice to be able to come back to work and get paid for it. Know that I personally appreciate the sacrifices you and your colleagues are making.

Best regards,

Andrew



Tel: (844) 321-3221 Fax: (615) 829-8959
Andrew@ImmigrantCivilRights.com
Mail: P.O. Box 90568 Nashville, TN 37209
**NEW OFFICE ADDRESS** : 2004 8th Ave. South Nashville, TN 37204
www.Resist.Law
Licensed to Practice in Tennessee
Admitted to Practice in U.S. Courts of Appeal for the Fifth, Sixth, Seventh, Ninth, and Eleventh, and District of Columbia Circuits
Admitted to Practice in U.S. District Courts for the District of Colorado, District of Columbia, Middle and Eastern Districts of Tennessee, and Northern District of Illinois

<mime-attachment>