UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACQUELINE STEVENS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 14 C 3305 ) |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY, IMMIGRATION AND CUSTOMS ENFORCEMENT, | ) Judge Leinenweber ) ) ) ) |
| Defendant. | ) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
LR 56.1 STATEMENT OF ADDITIONAL FACTS**

Defendant U.S. Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), by John R. Lausch, Jr., United States Attorney for the Northern District of Illinois, responds pursuant to Local Rule 56.1(b)(3) to plaintiff Jacqueline Stevens's Statement of Additional Facts (Dkt. 139 at 7) as follows:

1. ICE did not search the electronic mailboxes of the six individuals the parties agreed will form the scope of the supplemental search. (Fuentes Decl. ¶ 13)

**Response:** Disputed. As previously stated, the agency utilized its e-discovery platform to search the emails and attachments from January 2011 to December 2014 of the six ICE personnel Stevens identified using the agreed upon search terms and reviewed the collected records for responsiveness to Stevens's August 2013 FOIA request. Dkt. 132-1, Fuentes Decl. ¶ 13, Ex. B. Furthermore, in order to conduct the agreed-upon search, the agency first retrieved all electronic records for the relevant time period for the six custodians from ICE's Enterprise Vault journaling server, which captures and preserved all sent, deleted, and received electronic records of ICE users. Ex. A, Fuentes Supp. Decl. ¶ 8. The collected electronic records for the six custodians included

email messages, email attachments, calendar items and contacts. *Id.* No documents were excluded from the six custodians on the basis of any privilege, responsiveness, or for any other reason. *Id.* The agency then used the exact search terms agreed upon by the parties, including all modifiers, restricting signals, and/or wild cards, to conduct the search of the collected electronic records of the six custodians. *Id.* ¶ 9. ICE counsel thereafter reviewed the results of the search and conducted a responsiveness review of the documents. *Id.* ¶ 10. Records deemed responsive to Stevens's FOIA request were processed and produced to Stevens. *Id.*

   2. Defendant has produced no evidence nor claims that the six individuals identified in the parties' agreement themselves search their email inboxes using the agreed upon terms and qualifiers. (Id.; Exhibit A to Fuentes Decl.)

  **Response:** ICE does not dispute that the six individuals did not themselves search their email inboxes using the agreed upon terms and qualifiers. Because five of the six custodians Stevens identified were no longer with the agency at the time of the supplemental search, they would have been unable to conduct the search themselves. Fuentes Supp. Decl. ¶¶ 6, 8. Furthermore, in order to ensure that the search of the electronic records for the six custodians was as comprehensive as possible, ICE decided to retrieve their electronic records from the Enterprise Vault journaling server rather than task the search to any of the six custodians. *Id.* As previously stated, that server captures and preserved *all* sent, deleted, and received electronic records of the six custodians, including email messages, email attachments, calendar items and contacts. *Id.*

3. Defendant has produced no evidence that it complied with the terms of the parties' agreement and how it conducted the search to satisfy its contractual obligations as they are detailed in exhibit A to the Declaration of Mr. Fuentes.

**Response:** Disputed. See response to paragraph 1 above.

Respectfully submitted,

JOHN R. LAUSCH, Jr.
United States Attorney

By: s/ Prashant Kolluri
PRASHANT KOLLURI
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 886-9085
prashant.kolluri@usdoj.gov
