# Exhibit A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACQUELINE STEVENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 14 C 3305 |
| | ) |
| U.S. DEPARTMENT OF HOMELAND SECURITY, IMMIGRATION AND CUSTOMS ENFORCEMENT, | ) Judge Leinenweber |
| | ) |
| Defendant. | ) |

**SUPPLEMENTAL DECLARATION OF TONI FUENTES IN SUPPORT OF THE UNITED STATES IMMIGRATION CUSTOMS ENFORCEMENT REPLY BRIEF**

**I. INTRODUCTION**

I, Toni Fuentes, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am the Deputy Officer of the U.S. Immigration and Customs Enforcement ("ICE") Freedom of Information Act ("FOIA") Office. I have held this position since September 30, 2018, and am the ICE official immediately responsible for supervising ICE responses to requests for records under the Freedom of Information Act, 5 U.S.C. § 552 (the FOIA), the Privacy Act, 5 U.S.C. § 552a (the Privacy Act), and other applicable records access statutes and regulations. Prior to this position, I have held numerous FOIA positions over the past 20 years, including: FOIA Director for the National Protection and Programs Directorate ("NPPD") at the U.S. Department of Homeland Security ("DHS"); Government Information Specialist for Department of Justice, U.S. Marshal's Service, Office of General Counsel; Government Information Specialist for the Department of Defense, Office of the Inspector General's FOIA Office; FOIA Officer, Paralegal Specialist for Department of the Navy, NAVAIR/NAWCAD's Office of Counsel; Management and Program Analyst for Department of Homeland Security, Customs and Border Protection's

FOIA Office; and FOIA Paralegal Specialist for the National Aeronautics and Space Administration's Office of Chief Counsel.

2. The ICE FOIA Office is responsible for processing and responding to all FOIA, 5 U.S.C. § 552, and Privacy Act, 5 U.S.C. § 552a, requests received at ICE. The ICE FOIA Office mailing address is 500 12th Street, S.W., STOP 5009, Washington, D.C. 20536-5009.

3. My official duties and responsibilities include the general management, oversight, and supervision of the ICE FOIA Office. The ICE FOIA Office is responsible for the receipt, processing, and response to all FOIA and Privacy Act requests received at ICE. I manage and supervise a staff of ICE FOIA Paralegal Specialists, who report to me regarding the processing of FOIA and Privacy Act requests received by ICE. Due to my experience and the nature of my official duties, I am familiar with ICE's procedures for responding to requests for information pursuant to provisions of the FOIA and the Privacy Act. In that respect, I am familiar with ICE's processing of the FOIA request dated August 24, 2013, that plaintiff Jacqueline Stevens ("Stevens" or "Plaintiff") submitted to ICE, as well as the supplemental search ICE conducted as the result of an agreement with the plaintiff, which is the subject of this litigation.

4. I make this supplemental declaration in my official capacity in support of ICE's cross-motion for summary judgment and in response to plaintiff's reply in support of her motion to compel. Dkts. 131, 138. The statements contained in this declaration are based upon my personal knowledge, my review of records kept by ICE in the ordinary course of business, and information provided to me by other ICE employees in the course of my official duties.

5. This supplemental declaration provides more information regarding the manner in which ICE conducted the supplemental search per the terms of the agreement with the plaintiff.

## II. SUPPLEMENTAL SEARCH

6. As described in my initial declaration, as part of an agreement with the plaintiff, ICE agreed to conduct a supplemental search of the emails of six agency personnel using search terms plaintiff proposed and that parties later agreed to. The six custodians were: Andrew Lorenzen-Strait, Kevin Landy, Thomas Homan, Sarah Saldana, Daniel Ragsdale and John Morton. Of the six custodians plaintiff identified, only Mr. Andrew Lorenzen-Strait was still employed with the agency in October 2018, when ICE conducted the search of the email records.

7. The parties worked on refining the search terms plaintiff provided over several months and eventually agreed on the terms that would be used to search the emails and attachments of the six agency personnel over a three-year period from January 2011 to December 2014. Dkt. 132-1, Fuentes Decl. at Ex. A, September 17, 2018 email to A. Free (noting to plaintiff's counsel that the supplemental search would entail emails and attachments); Fuentes Decl. at Ex. B, October 3, 2018 email chain (parties agreed to timeframe of supplemental search and search terms); Dkt. 122-4.

8. In order to conduct the agreed-upon search, ICE's Office of the Chief Information Officer (OCIO) first retrieved all electronic records for the relevant time period from all six custodians from ICE's Enterprise Vault journaling server, which captures and preserves all sent, deleted and received electronic records of all ICE users.[1] Because five out of the six custodians plaintiff identified were no longer with ICE at the time of the search,[2] and in order to ensure that the search of electronic records was as comprehensive as possible, ICE determined to retrieve the electronic records for all six custodians from the Enterprise Vault directly rather than tasking the search to the six custodians themselves (five of whom, as previously stated, were no longer with

---

[1] ICE has been preserving electronic records in the Enterprise Vault since 2008.
[2] As of the date of this filing, Mr. Andrew Lorenzen-Strait is also no longer with the agency.

3

the agency). OCIO retrieved the relevant electronic records from the Enterprise Vault in the form of "personal storage tables" or .pst files. These .pst files are Microsoft Outlook data files containing individual Outlook items such as email messages, email attachments, calendar items and contacts. OCIO then imported the .pst files into ICE's e-discovery software called *Relativity*, where the .pst files were indexed and processed in order to enable complex searches to be run on the data in the files. During this process, no documents were excluded from import into *Relativity* on the basis of being "privileged," "not likely to produce relevant information," or any other reason. On the contrary, as indicated above, the entire .pst files for all six custodians during the relevant and agreed upon time period were imported into *Relativity*.

9. In order to search the collected emails utilizing the search terms the plaintiff provided, ICE counsel provided the ICE Office of the Principal Legal Advisor's *Relativity* administrator with the agreed-upon search terms in the parties' October 3, 2018 email chain. *See* Fuentes Decl. at Ex. B. ICE's *Relativity* administrator thereafter utilized the exact search terms parties agreed upon, with all the "modifiers," "restricting signals" and "wild cards," if any, as requested by the plaintiff and agreed upon by the agency, and reflected in the above cited Exhibit B, to conduct the search of the electronic records. For example, per plaintiff's request, ICE's *Relativity* administrator ran "proximity" searches, such as *("alvarado" W/2 "guevara") OR ("alvarado" W/2 "guevera")*. ICE also ran Boolean searches, such as *"detainee training" OR "training detainees"*. Finally, per plaintiff's request and ICE's agreement, ICE also ran a combination of a "proximity" search and "wildcard search" (a search that brings back variations of a stem of a word), such as *work\* W/10 crew\**.

10. ICE counsel thereafter reviewed the results of the search and conducted responsiveness review of the collected documents. Records deemed responsive were marked as

4

such, extracted from *Relativity* and uploaded into ICE FOIA's software, FOIAxpress, for processing and release to the plaintiff.

### III. JURAT CLAUSE

I declare under penalty of perjury that the forgoing is true and correct to the best of my knowledge and belief. Signed this ___ day of January, 2020.

Toni Fuentes, Deputy FOIA Officer
Freedom of Information Act Office
U.S. Department of Homeland Security
U.S. Immigration and Customs Enforcement
500 12th Street, S.W., Stop 5009
Washington, DC 20536-5009